**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 W. CAPITOL, ROOM D444
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**February 1, 2010**

Danny M. Rasmussen
Attorney at Law
1008 Front Street
Conway, AR 72032

      Re: *Gamble v. Parker et al.*, 4:08-cv-04160-WRW.

Dear Mr. Rasmussen:

Attached is a copy of your Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. No. 35).

I have underlined the portions of your brief which I believe are <u>not</u> "cut and pasted" from Defendant's brief.

Am I correct? If not, please advise me as to where I am mistaken.

If I am correct, why did you present a brief in this form? It seems to me that this is not an appropriate way to support your client's position.

Please let me have your response, by noon, this Friday, February 5, 2010, by email or fax. Please file an original with the Clerk of the Court, copy to opposing counsel.


                Cordially,

                /s/ Wm. R. Wilson, Jr.


Original to the Clerk of the Court
cc: Other Counsel of Record

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 26 2010

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VERONICA GAMBLE                                        PLAINTIFF

VS.                          NO. 4:08CV04160-WRW

SHIRLEY PARKER, COTINA WILLIAMS,
AND BAPTIST HEALTH                                     DEFENDANTS

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Comes now the Plaintiff, Veronica Gamble, by and through her attorney, Danny

M. Rasmussen, submits her Brief in Support of Plaintiff's Response to Defendant's

Motion for Summary Judgment.

### I. Introduction

Plaintiff, Veronica Gamble, worked at the Baptist Medical Plaza Hotel ("Hotel")

for approximately five months. Following the termination of her employment in

December 2007, Plaintiff filed a *pro se* Title VII Complaint against Baptist Health, her

supervisor, Cotina Williamson, and the Director of the Hotel, Shirley Parker. *See*

Plaintiff's Complaint, attached to Defendants' Motion as Exhibit "1." Plaintiff recited in

her Complaint that her claims are for sexual harassment, retaliation, and pregnancy

discrimination. *Id.* Plaintiff also included a "Class Action Complaint," that made

reference to "common stock." *Id.* Plaintiff wrote, among other things, "Although Plaintiff

is not a shareholder of corporation at the time transaction complained took place of her

predecessor shareholder Plaintiff seek to enforce the right corporation which is described

more particularly herein which even through it may even through properly be asserted by the Defendant bases upon the foregoing and on subsequent by the Defendant." *Id.* (sic). For the reasons described below and the Defendant's Motion for Summary Judgment, Defendants are entitled to summary judgment on the issues of pregnancy discrimination and class action complaint, but there remains genuine issues of fact with regard to the Plaintiff's claim of sexual harassment and retaliation. .

## II. Facts

Cotina Williamson hired Plaintiff to work as a Room Attendant at the Hotel in July 2007. *See* Excerpts from Deposition Transcript of Plaintiff, pp. 13-14, attached to Defendants' Motion as Exhibit "2"; Affidavit of Cotina Williamson, ¶ 3, attached to Defendants' Motion as Exhibit "3." During Plaintiff's relatively brief employment, Ms. Williamson, Plaintiff's supervisor, repeatedly counseled Plaintiff for various issues. *See* Various Counseling Records, attached to Defendants' Motion as Exhibit "4." Ms. Williamson counseled Plaintiff for, among other things, being late to work, repeatedly overloading the washing machines with linens, constantly arguing rather than simply following work directives, calling other potential employers while at work, and repeatedly complaining about her work duties. *Id.* However, the reasons for the various counseling records are disputed. Add at 4-10.

Despite Ms. Willamson's repeatedly counseling Plaintiff, the two still walked for exercise around Baptist in the afternoons. *See* Depo. of Plaintiff, pp. 82-83. Plaintiff testified, however, that they walked, "[o]nly like once or twice, sir. It wasn't even that serious." *Id.* at 83. Plaintiff also testified regarding an instance when her vehicle was

broken down. *Id.* at 121-22. She testified that she told Ms. Williamson that she was having car trouble, and Ms. Williamson responded that she had a brother who "works on cars, he can come and look at your car for you." *Id.* Plaintiff testified that Ms. Williamson brought her brother from North Little Rock "all the way over to my house in southwest Little Rock" to try and repair her vehicle. *Id.* at 122.

Ms. Williamson is a female with four children. *Id.* at 57; Affidavit of Williamson, ¶ 2. Plaintiff testified that the week before Thanksgiving 2007, Ms. Williamson told her she believed Plaintiff was pregnant, *See* Depo. of Plaintiff, p. 90. Plaintiff testified that she went to the doctor and learned that she was pregnant. *Id.*

The events that ultimately resulted in Plaintiff's termination occurred in December 2007, approximately five months after Ms. Williamson hired Plaintiff. During that timeframe, Plaintiff was working for the Hotel as a Laundry/Breakfast employee. *See* Affidavit of Williamson, ¶ 5. On December 19, 2007, Ms. Williamson discovered that Plaintiff improperly removed a tip that a guest left in a Hotel room. *Id.* at ¶ 6. Plaintiff had been repeatedly instructed not to take tips left in the rooms. *Id.* Ms. Williamson suspected that Ms. Gamble had removed tips from rooms on previous occasions. *Id.* Veronica Gamble contends that she was written up for an action that occurred nearly one month earlier. Add at 11-12.

On December 20, 2007, Ms. Williamson issued Plaintiff a Counseling related to removing the tip from the Hotel room. *Id.* at ¶ 7. The Counseling Record again reiterated, "Never take anything from the rooms." *Id.; see* December 20, 2007, Counseling Record, attached to Defendants' Motion as Exhibit "5." After receiving the Counseling, Plaintiff's

conduct deteriorated throughout the rest of the December 20 work day. *See* Affidavit of Williamson, ¶ 8. She engaged in arguments with a number of employees, and even ran over an employee's feet with a linen cart. *Id.* Because of her conduct, Ms. Williamson approached Plaintiff and asked her to leave work so that she could calm down and improve her attitude. *Id.* Plaintiff argued with Ms. Williamson and refused to leave the Hotel until Ms. Williamson threatened to call Hospital security. *Id.* Plaintiff apparently waited outside the Hotel for Ms. Williamson's supervisor, Director Shirley Parker, to return from an errand. *Id.* Plaintiff asked Ms. Parker if she would agree to meet with her the following day, December 21, 2007, regarding the Counseling. *Id.* Ms. Parker agreed to the meeting. *Id.* It is disputed as to why Veronica Gamble went home early on December 20th because Shirley Parker stated that Veronica was not sent home. Add at 11.

Ms. Williamson testified by affidavit that after Plaintiff left the premises on December 20, 2007, she decided that if Plaintiff continued acting in an argumentative and insubordinate manner, she would terminate her. *Id.* at ¶ 9. Ms. Williamson also completed a Counseling Record to issue Plaintiff the following day. *Id.; see* December 21, 2007, Counseling Record, attached to Defendants' Motion as Exhibit "6." The Counseling Record noted that Plaintiff was "arguing with supervisor after the supervisor asked her to leave the property." *See* Dec. 21, 2007, Counseling. Ms. Williamson noted that Plaintiff needed to follow the directions of her supervisor without arguing and "talking back." *Id.*

On December 21, 2007, Plaintiff met with Ms. Williamson and Director Shirley

Parker to discuss the previous Counseling related to the taking of a guest room tip. *See* Affidavit of Williamson, ¶ 10. During the meeting, Plaintiff continued acting in an argumentative manner, and refused to listen to her supervisor or the Hotel's Director. *Id.* Because Plaintiff exhibited the same behavior and attitude she exhibited the day before, and it was apparent that her behavior was not going to improve, Ms. Williamson terminated Plaintiff's employment at the meeting. *Id.* Ms. Williamson testified that she based the termination decision on Plaintiff's behavior on December 20 and 21, and also on her disciplinary and performance history. *Id.* She added that she had the sole discretion to terminate Plaintiff, and that she alone made the termination decision. *Id.*

### III. Standard of Review

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Scheeler v. City of St. Cloud,* 402 F.3d 826, 830 (8th Cir. 2005). To successfully oppose a motion for summary judgment, the nonmoving party "must demonstrate the existence of specific facts that create a genuine issue for trial; mere allegations or denials are not enough." *Lambert v. City of Dumas,* 187 F.3d 931, 934-35 (8th Cir. 1999). "The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell,* 497 F.3d 822, 825 (8th Cir. 2007) (internal citations and quotations omitted). Courts must "look to the substantive law to determine whether an element is essential to a case, and 'only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wells Fargo Fin.*

*Leasing, Inc. v. LMT Fette, Inc.,* 382 F.3d 852 (8th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Importantly, "the showing of pretext necessary to survive summary judgment requires more than merely discrediting an employer's asserted reasoning for terminating an employee." *Roe ben v. BG Excelsior Ltd. P* 545 F.3d 639, 643 (8th Cir. 2008) (internal quotations and citations omitted). "A plaintiff must also demonstrate that the circumstances permit a reasonable inference of discriminatory animus." *Id.* (internal quotations and citations omitted).

## IV. Argument

Plaintiffs Complaint, EEOC Charge, and deposition testimony make clear that she asserts three substantive causes of action under Title VII: sexual harassment, retaliation, and pregnancy discrimination. *See* Plaintiffs Complaint; *see also,* Plaintiffs EEOC Charge, attached to Defendants' Motion as Exhibit "7." As noted above, Plaintiff also asserts a "Class Action Complaint."

Because there remain questions of fact with regard to Plaintiff's claim of sexual harassment and retaliation under Title VII the Defendant is not entitled to Summary Judgment.

### A.    Plaintiff Can Establish a Claim of Sexual Harassment.

In order to survive summary judgment on a claim of sexual harassment, Plaintiff must show: "(1) she was a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; (4) that it affected a term, condition, or privilege of employment; and (5) that her employer knew or should have known of the harassment and failed to take appropriate remedial action." *Sutherland v.*

*Missouri Dep't of Corrections,* 580 F.3d 748, 751 (8th Cir. 2009); *see also, Tatum v. Ark. Dep't of Health,* 411 F.3d 955, 959 (8th Cir. 2005).

The United States Supreme Court has explained that "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination because of sex." *Oncale v. Sundower Offshore Servs., Inc.,* 523 U.S. 75, 80 (1998) (internal quotations omitted). In addition, the Court has "never held that workplace harassment. . . is automatically discrimination because of sex merely because the words used have sexual content or connotations." *Id.* As the Court explained in *Oncale,* "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* (internal quotations omitted).

The Eighth Circuit has made clear that "sexual harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." *Barker v. Missouri Dep't of Corrections,* 513 F.3d 831, 835 (8th Cir. 2008) (affirming summary judgment for the employer) (internal quotations omitted); *see e.g., Duncan v. General Motors Corp.,* 300 F.3d 928 (8th Cir. 2002) (concluding that five incidents of alleged harassment, including a relationship proposition, improper touching, posting of offensive posters, and requesting that the plaintiff draw a sexually objectionable picture, did not meet the standard necessary to be actionable).

With respect to the fourth element of a *prima facie* case of sexual harassment, the Eighth Circuit has held that "actionable harm" is a "high threshold." *Sutherland,* 580 F.3d

at 751. A plaintiff must show that her "workplace is permeated with discriminatory intimidation, ridicule, and insult." *Id.* A "sexually objectionable environment must be both subjectively and objectively offensive," and the "totality of the circumstances" must be examined in connection with this inquiry. *Id.* Summary judgment for the employer is appropriate unless the plaintiff can "prove the conduct was 'extreme in nature and not merely rude or unpleasant." *Id.* (quoting *Nitsche v. CEO of Osage Valley Elec. Coop.*, 446 F.3d 841 (8th Cir. 2006)).

Plaintiff's claim of sexual harassment is based on her assertion that Ms. Williamson forwarded to her cell phone a number of text messages that Ms. Williamson had received as forwards. *See* Depo. of Plaintiff, pp. 77, 86. The only proof related to the contents of the text messages is the notes taken by the EEOC investigator who received Plaintiffs EEOC Charge. *See* EEOC Investigation Notes, attached to Defendants' Motion as Exhibit "8"; Depo. of Plaintiff, p. 75 (testifying that the EEOC notes are the only evidence of the contents of the text messages).

The alleged text messages recited in the EEOC's notes were received after work hours with only one possible exception. *See* EEOC Investigation Notes. Among the 14 alleged messages were messages such as, "pussy is like a peach fuzzy and full of juice and if you are going in enough, ms. lonely but happy" and "what four animals you see after great sex, two tires asses, ms. lonely but happy" and "I saw your criminal record you are charged with E.D.S. excessive dick sucking and the charges were ms. Lonely but happy" and "if a big fat man grab you and stuff you in a bag, done be alarmed, niggers are asking santa for hoes ms. lonely but happy" and "the top five lies women tell, don't suck

dick, ms. goodstuff" and "in case of an emergency scroll [-] not now dumb ass, I said in case of an emergency." *Id.* Many of the messages did not make any sense to Plaintiff, such as "One day a husband was looking at a marriage license." *Id.* Plaintiff cannot say whether any other employees received the same forwarded text messages. *See* Depo. of Plaintiff, p. 77.

Counsel asked Plaintiff during her deposition whether Ms. Williamson ever said or did anything to her, other than sending the 14 text messages, that Plaintiff believed was inappropriate. *See* Depo. of Plaintiff, p. 86. Plaintiff responded that Ms. Williamson issued her some counselings, but other than that, "No, sir." *Id.*

In reviewing the "totality of the circumstances" in connection with a harassment claim, the Eighth Circuit looks at 'whether the discriminatory conduct was frequent and severe; whether it was physically threatening or humiliating, as opposed to merely an offensive utterance; and whether it unreasonably interfered with the employee's work performance." *Brenneman,* 507 F.3d at 1143 (quoting *Nitsche v. CEO of Osage Valley Elec. Coop.,* 446 F.3d 841 (8th Cir. 2006)). Plaintiff does satisfy these elements, and her sexual harassment claim should be allowed to proceed forward.

### B.   Plaintiff Can Establish a *Prima Facie* Case of Retaliation

In order to establish a *prima facie* case of retaliation, Plaintiff must show: (1) she engaged in protected conduct; (2) reasonable employees would have found the alleged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *See, e.g., Redo v. Creighton Univ.,* 521 F.3d 934, 938-39 (8th Cir. 2008). With respect to the third element, the Eighth Circuit generally requires

more than a mere temporal connection in order for a plaintiff to demonstrate a causal connection. *Id.* at 941.

If Plaintiff can establish a *prima facie* case, the burden shifts to Defendants to articulate a legitimate, non-retaliatory reason for the adverse action. *See, e.g., Soto v. Core-Mark Intl, Inc.,* 521 F.3d 837, 841 (8th Cir. 2008). When Defendants do so, Plaintiff bears the burden of demonstrating that the stated reason is a pretext for retaliation. *Id.* As with claims of discrimination, "the ultimate burden of persuasion remains with the plaintiff" *Id.* In addition, in order to withstand a motion for summary judgment, Plaintiff must substantiate her allegations with evidence; speculation and conjecture will not suffice. *Moody v. St. Charles County,* 23 F.3d 1410, 1412 (8th Cir. 1994).

In *Smith v. Allen Health Systems, Inc.,* the Eighth Circuit noted that the temporal proximity between alleged protected conduct and a materially adverse action can rarely establish the necessary causal connection required for a *prima facie* case. 302 F.3d 827, 832-33 (8th Cir. 2002). The court stated that for purposes of Smith's *prima facie* case, the two events, two weeks apart, were "extremely close in time and we conclude that under our precedent this is sufficient, but *barely so,* to establish causation, completing Smith's prima facie case." *Id.* at 833 (emphasis added). The court later concluded that the two week temporal proximity, while "barely" sufficient to establish a *prima facie* case, was insufficient to establish pretext. *Id.* at 834; *see also, Arraleh v. County of Ramsey,* 461 F.3d 967 (8th Cir. 2006) (noting that a period of three weeks is insufficient to establish pretext, and moreover, "temporal proximity alone is generally insufficient to prove

pretext"); *Kipp v. Missouri Hwy and Transp. Comm 'n,* 280 F.3d 893, 897 (8th Cir. 2002) (holding an interval of two months between the protected conduct and the adverse action is insufficient as a matter of law to demonstrate a causal connection).

As demonstrated in *Allen Health Systems,* the law in the Eighth Circuit is clear that even in the rare circumstance in which timing can establish a causal connection for purposes of a *prima facie* case, it is insufficient where other evidence overwhelmingly suggests a legitimate reason for the employer's actions. *See e.g., Jackson v. St. Joseph State Hosp.,* 840 F.2d 1387, 1391 (8th Cir. 1988). Any "intervening unprotected conduct" between the protected event and the alleged adverse action erodes any causal connection suggested by temporal proximity. *Kiel v. Select Artificials, Inc.,* 169 F.3d 1131, 1136 (8th Cir. 1999).

With respect to the first element of Plaintiff's *prima facie* case, Plaintiff must demonstrate that she engaged in "protected conduct" by opposing an act of discrimination based on race, color, religion, sex, or national origin, or by participating in an investigation under Title VII. *See Arraleh,* 461 F.3d at 977; *Smith v. Intl Paper Co.,* 523 F.3d 845, 849 (8th Cir. 2008). As the Eighth Circuit made clear in *Smith v. Mt 'l Paper Co.,* to the extent the plaintiff relies on a complaint she made to or about a supervisor, the plaintiff must show that the complaint somehow related to harassment or discrimination based on a protected characteristic, such as race or sex. 523 F.3d at 849 (citing a number of cases). The court explained, "Title VII, we have said, does not set forth a general civility code for the American workplace." *Id.* at 850 (internal quotations omitted). Title VII is "not a tad acts' statute." *Id.* The *Smith* court affirmed summary judgment for the

employer because there was no evidence that the plaintiff's complaint "referred to any harassment or discrimination based on [his] race." *Id.* at 849.

Plaintiff in the present case claims that at "the end of October or around November" she asked Ms. Williamson to stop forwarding text messages to her. *See* Depo. of Plaintiff, pp. 71, 78. Counsel asked Plaintiff, "Now, when you told Ms. Williamson you didn't want to receive the text messages anymore, what was her response?" *Id.* at 78. Plaintiff explained that Ms Williamson said, "That's fine." *Id.* Plaintiff contends that Ms. Williamson retaliated against her because of her request. *Id.* at 71.

As proof of retaliation, the Plaintiff contends that on December 20th she was counseled for allegedly removing tips in which the incident occurred nearly a month before. Add at 11-12. Further, the Plaintiff contends that the counseling record issued on 12/21/07 for arguing with a supervisor on 12/20/07 is meritless. Add at 7. The Plaintiff believes that Cotina Williamson was making a deliberate attempt to fire the Plaintiff by making up grounds. On 12/20/07 upon the Plaintiff leaving Cotina Williamson told the Plaintiff that she was going to make sure that she (the Plaintiff) could not come back to work anymore. Add at 14. For these reasons, the Plaintiff believes she has established a prima facie case of retaliation.

WHEREFORE, for the reasons stated herein and in Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff respectfully request that the Defendant's Motion for Summary Judgment on sexual harassment and retaliation be denied, and for all other relief to which she is entitled.

Respectfully submitted,.

Respectfully submitted,

_____
Danny M. Rasmussen  #94148
Attorney for Plaintiff
1008 Front Street
Conway, Arkansas 72032
(501) 329-0500

## CERTIFICATE OF SERVICE

I, Danny M. Rasmussen, hereby certifies that a true and correct copy of the foregoing document has been hand delivered to the following:

Mr. Byron Freeland
Michtell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201

On this 26th day of January, 2010.

_____
Danny M. Rasmussen