IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VERONICA GAMBLE**                                                     **PLAINTIFF**

vs.                             **4:08CV04160-WRW**

**SHIRLEY PARKER,
COTINA WILLIAMS, and
BAPTIST HEALTH**                                     **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion for Summary Judgment (Doc. No. 29). Plaintiff has responded,[1] and Defendants have replied.[2] For the reasons set out below, Defendants' Motion for Summary Judgment is GRANTED.

**I.  BACKGROUND**

In this Title VII case, Plaintiff Veronica Gamble ("Gamble") alleges sexual harassment and retaliation after the termination of her employment with Separate Defendant Baptist Health ("Baptist").[3] The following facts are undisputed.[4]

Gamble worked at the Baptist Medical Plaza Hotel ("Hotel") for approximately five months. Separate Defendant Cotina Williamson ("Williamson") hired Gamble to work at the

---

[1] Doc. No. 34.

[2] Doc. No. 42.

[3] Gamble concedes that Defendants are entitled to summary judgment on the issue of pregnancy discrimination and the "Class Action Complaint." Doc. No. 35. Summary judgment is GRANTED for Defendants on these claims. Gamble also concedes that individual employees, including supervisors, are not personally liable under Title VII. Accordingly, Gamble's Title VII claims against Separate Defendants Parker and Williams in their individual capacities are DISMISSED.

[4] See Doc. Nos. 2, 31, 39. Disputed facts are noted.

Hotel as a room attendant in July 2007. Gamble's employment was terminated the following December.

During Gamble's five months of employment, Williamson counseled her for, among other things, being late to work, arguing with supervisors, and complaining about her work duties. On December 19, 2007, Gamble allegedly removed a tip that a guest had left in a Hotel room. On December 20, 2007, Williamson issued Gamble a written warning, instructing Gamble to, "never take anything from the rooms." After receiving the warning, Gamble allegedly argued with Williamson and other employees. Gamble was asked to go home for the day.

The next day, on December 21, 2007, a meeting was held between Gamble, Williamson, and Separate Defendant Shirley Parker ("Parker") -- the Hotel Director -- to discuss the alleged taking of the tip. At the meeting, Williamson terminated Gamble's employment after she allegedly exhibited poor behavior and attitude. Williamson testified by affidavit that she based the termination decision on Gamble's behavior on December 20 and 21, and also on Gamble's overall disciplinary and performance history.

Gamble alleges that during the course of her employment she received numerous inappropriate text messages forwarded from Williamson's cellular telephone. The only proof related to the contents of the text messages are notes taken by the EEOC investigator who received Gamble's EEOC Charge. The EEOC notes state that the text messages were not written by Williamson, but instead were forwarded to Williamson's phone, who then forwarded them on to Gamble's phone. The alleged text messages recited in the EEOC's notes generally appear to be jokes, sometimes crude, and sometimes involving sexual content.[5] Gamble asked Williamson

---

[5] Among the 14 alleged messages were messages such as, "God walked through my house and took my troubles," "in case of an emergency scroll [-] not now dumb ass, I said in case of an emergency," and "what four animals you [sic] see after great sex, two tires [sic] asses." Gamble cannot say whether any other employees received the same forwarded text messages.

2

to stop forwarding the text messages sometime around October or November, 2009, and Williamson apparently stopped forwarding the messages. The text messages form the basis of Gamble's sexual harassment claim. Gamble's retaliation claim alleges that the December, 2009, counseling sessions and the termination of her employment were retaliation for her request that Williamson stop forwarding the text messages. For the following reasons, summary judgment is GRANTED.

## II.  DISCUSSION

### A.  Standard

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[6] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[7]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[8] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[9] I must view the facts in the light most

---

[6] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[8] *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[9] *Id.* at 728.

favorable to the party opposing the motion.[10]   The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[11]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12]

### B. Plaintif Cannot Establish a Claim of Sexual Harassment

Gamble's claim of sexual harassment is based on the text messages that Williamson allegedly forwarded to Plaintiff's cell phone.[13]   Gamble admits that she received the alleged forwarded messages after work hours with one possible exception.[14]   Gamble further admits that Williamson never said or did anything to her, other than sending the text messages, that Plaintiff believed was inappropriate.[15]

Gamble cannot demonstrate any of the necessary elements of a claim for sexual harassment, with the exception of her status as a female. Sexual harassment "is actionable under

---

[10]*Id.* at 727-28.

[11]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[12]*Anderson*, 477 U.S. at 248.

[13]Doc. No. 35.

[14]*Id*.

[15]*Id*.

Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment."[16] Gamble received the text messages after work hours, and does not argue that the alleged text messages affected her employment in any way. Gamble must also point to conduct that was "extreme in nature and not merely rude or unpleasant."[17] Gamble does not present evidence establishing a material issue of disputed fact that the text messages were anything more than "merely rude or unpleasant."[18] Most importantly, Gamble does not present any evidence that Williamson's actions were motivated by Gamble's sex.[19] Summary judgment is GRANTED for Defendants on this claim.

### C. Gamble Cannot Establish a *Prima Facie* Case of Retaliation

To establish a *prima facie* case of retaliation, a plaintiff must present evidence that: (1) she participated in protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal connection between the adverse employment action and the protected activity.[20] Gambles's claim for retaliation fails because she has not argued or presented evidence that she engaged in a protected activity when she asked Williamson to stop forwarding the text messages. Also, Gamble has not provided evidence establishing a genuine issue of material fact that there is a causal connection between her request to Williamson and the termination of her employment, or that the Defendants' stated reason for her termination is pretext.

---

[16] *Barker v. Missouri Dep't of Corrections*, 513 F.3d 831, 835 (8th Cir. 2008).

[17] *Sutherland v. Missouri Dep't of Corrections*, 580 F.3d 748, 751 (8th Cir. 2009).

[18] *Sutherland*, 580 F.3d at 751.

[19] See *Pedroza v. Cintas Corp. No. 2*, 397 F.3d 1063, 1069 (8th Cir. 2005) (discussing same-sex harassment claims, and stating that a plaintiff "must show that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimina[tion] . . . because of . . . sex.").

[20] See *EEOC v. Kohler Co.*, 335 F.3d 766, 774 (8th Cir. 2003).

Apparently, Gamble's allegation of causal connection and pretext rely only on the timeline[21] of her request to Williamson (around "the end of October or around November" of 2007)[22] and the termination of her employment a month later (in late December, 2007). Standing alone, the nearness in time of a protected activity and the alleged retaliatory conduct rarely establishes causal connection or pretext -- even when the events are only two weeks apart.[23] Here, Gamble's one month timeline between events is insufficient to establish causation under a *prima facie* case of retaliation, and Gamble presents no other evidence of pretext.

Because Gamble has offered no evidence of a protected activity, and no evidence sufficient to establish a disputed issue of material fact on causation or pretext, summary judgment is GRANTED for Defendants on Plaintiff's retaliation claim.

## CONCLUSION

For the reasons set out above, Defendants' Motion for Summary Judgment (Doc. No. 29) is GRANTED.

IT IS SO ORDERED this 4th day of February, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[21]"Timeline" is not a great word, but it is better than "temporal proximity."

[22]Doc. No. 35.

[23]See, e.g., *Smith v. Allen Health Systems, Inc.*, 302 F.3d 827, 833-34 (8th Cir. 2002) (two week temporal proximity "barely" sufficient to establish a *prima facie* case, and insufficient to establish pretext); *Arraleh v. County of Ramsey*, 461 F.3d 967 (8th Cir. 2006) (three weeks is insufficient to establish pretext, and "temporal proximity alone is generally insufficient to prove pretext").